Justice GINSBURG, dissenting.
Montanile received a $500,000 settlement out of which he had pledged to reimburse his health benefit plan for expenditures on his behalf of at least $121,044.02. See ante, at 655 - 656. He can escape that reimbursement obligation, the Court decides, by spending the settlement funds rapidly on nontraceable items. See ante, at 658 - 659. What brings the Court to that bizarre conclusion? As developed in my dissenting opinion in Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 224-234, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002), the Court erred profoundly in that case by reading the work product of a Congress sitting in 1974 as "unravel[ling] forty years of fusion of law and equity, solely by employing the benign sounding word 'equitable' when authorizing 'appropriate equitable relief.' " Langbein, What ERISA Means by "Equitable": The Supreme Court's Trail of Error in Russell, Mertens, and Great-West, 103 Colum. L. Rev. 1317, 1365 (2003). The Court has been persuasively counseled "to confess its error." Ibid. I would not perpetuate Great-West 's mistake, and would therefore affirm the judgment of the Court of Appeals for the Eleventh Circuit.

Justice ALITO joins this opinion, except for Part III-C.